UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Marcus Witchet,<br><br>    Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Marcus Witchet ("Witchet") files this Complaint against Defendant Union Pacific Railroad Co. ("Union Pacific" or "Defendant") for damages resulting from its violation of the Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.*, as amended ("ADA").

## PRELIMINARY STATEMENT

1. Defendant has engaged in a pattern or practice of requesting medical information to which it is not entitled, and then using that information to prohibit employees from working, regardless of whether they can perform their jobs' essential functions with or without a reasonable accommodation, in violation of the ADA. Witchet has been a victim of Union Pacific's discriminatory policy.

2. A class action has been commenced against Union Pacific, alleging such pattern or practice discrimination under the ADA. That class action is proceeding in the United States District Court for the District of Nebraska, as *Quinton Harris et al. v. Union Pacific Railroad Company*, Case No. 8:16-cv-381. Witchet is a putative class member in *Harris*.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. § 1331 because Union Pacific violated the ADA.

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(b)(1), because Union Pacific is headquartered in Omaha, Nebraska.

## THE PARTIES

5. Witchet resides in the Humble, Texas. He was an employee of Union Pacific.

6. Union Pacific is a railroad carrier engaged in interstate and foreign commerce. It operates trains throughout Texas, and is headquartered in Omaha, Nebraska.

## FACTUAL ALLEGATIONS

7. Witchet was hired by Union Pacific in Texas on or about September 12, 2011. He worked for Union Pacific as an hourly wage-earning Truck Operator until October 2015, when he was removed from his job and never permitted to return.

8. On or about October 16, 2015, Witchet admitted himself to Mother Frances Hospital in Tyler, Texas, complaining of numbness in his left arm.

9. Upon admission to the hospital, Witchet was evaluated for a possible stroke. However, in subsequent testing and examination, Witchet's treating physicians stated that Witchet had not had a stroke.

10. Witchet was discharged from the hospital on or about October 18, 2015, when his physicians had determined that his condition was stable and it was safe for him to leave.

11. Union Pacific requires its employees to report their accidents and illnesses, as well as various types of medical conditions, to the railroad. The day after he was released from the hospital, Witchet called Union Pacific's Health and Medical Services department ("HMS") to report that he had been in the hospital.

12. Union Pacific immediately removed Witchet from his job, and required Witchet to undergo a "fitness-for-duty review" ("FFD").

13. As part of the FFD process, Union Pacific required Witchet to release his medical records to HMS for the department's review. The medical records required of Witchet included the records from his hospital visit. Union Pacific also required Witchet to release records unrelated to his hospital stay, including records relating to a sleep study that Witchet had undergone, and records relating to Witchet's back pain. Witchet complied, and provided all of the requested records, knowing that he would not be allowed back to his job without doing so.

14. The FFD review process started in October 2015, and dragged on into April 2016. During that time period, Witchet's treating physician repeatedly informed Union Pacific that Witchet had not had a stroke, and that Witchet was clear to return to his job with no restrictions.

15. Nevertheless, Union Pacific declared that Witchet *had* suffered a stroke, and on or about April 8, 2016, Union Pacific issued permanent work restrictions to Witchet. Union Pacific declined to accommodate those purported restrictions. As a result, Union Pacific refused to allow Witchet return to his job.

16. Union Pacific's doctors made these determinations, which were contrary to the conclusions of Witchet's treating physician, without ever seeing Witchet in person.

17. In the time since, Union Pacific has persisted in its refusal to allow Witchet to return to his job. At all times, Witchet was capable of performing the essential functions of his job, and he remains able to perform them today.

18. Because he is a putative class member in the *Harris* case, Witchet's claims under the ADA and GINA have been subject to tolling during the pendency of that litigation, which is ongoing. Further, Witchet timely filed a charge of discrimination with the EEOC, and timely brings the present lawsuit.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

19. Witchet is disabled within the meaning of the ADA.

20. Witchet is a qualified individual within the meaning of the ADA.

21. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

22. Union Pacific discriminated against Witchet on the basis of disability when it removed him from his job and refused to allow him to return to it.

23. Because Union Pacific violated 42 U.S.C. § 12112, Witchet has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Witchet is also entitled to attorneys' fees and costs incurred in connection with these claims.

24. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Witchet's rights and safety. As a result, Witchet is entitled to

punitive damages.

## COUNT II
## FAILURE TO ACCOMODATE, IN VIOLATION OF THE ADA

25. Witchet is disabled within the meaning of the ADA.

26. Witchet is a qualified individual within the meaning of the ADA.

27. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

28. Section 12112(b)(5)(A) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ."

29. Union Pacific discriminated against Witchet on the basis of disability when it removed him from his job, and refused to allow him to return to it.

30. Because Union Pacific violated 42 U.S.C. § 12112, Witchet has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Witchet is also entitled to attorneys' fees and costs incurred in connection with these claims.

31. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Witchet's rights and safety. As a result, Witchet is entitled to punitive damages.

## COUNT III
## UNLAWFUL SCREENING, IN VIOLATION OF THE ADA

32. Witchet is disabled within the meaning of the ADA.

33. Witchet is a qualified individual within the meaning of the ADA.

34. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

35. Section 12112(b)(6) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity[.]"

36. Union Pacific discriminated against Witchet on the basis of disability by imposing selection criteria, including medical screening, that screens out, tends to screen out, or has a disparate impact on individuals who disclose disabilities.

37. Because Union Pacific violated 42 U.S.C. § 12112, Witchet has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Witchet is also entitled to attorneys' fees and costs incurred in connection with these claims.

38. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Witchet's rights and safety. As a result, Witchet is entitled to punitive damages.

**COUNT VI
IMPERMISSIBLE MEDICAL EXAMINTION, IN VIOLATION OF THE ADA**

39. Witchet is disabled within the meaning of the ADA.

40. Witchet is a qualified individual within the meaning of the ADA.

41. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

42. Section 12112(d)(1) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including certain medical examinations and inquiries.

43. Section 12112(d)(4) of the ADA prohibits employers from "requir[ing] a medical examination and [from]. . . mak[ing] inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity"

44. Union Pacific discriminated against Witchet on the basis of disability by making inquiry into Witchet's medical conditions unrelated to the hospital visit that he had reported to Union Pacific, in violation of 42 U.S.C. § 12112(d)(4).

45. Because Union Pacific violated 42 U.S.C. § 12112, Witchet has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Witchet is also entitled to attorneys' fees and costs incurred in connection with these claims.

46. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Witchet's rights and safety. As a result, Witchet is entitled to

punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE, Witchet prays for judgment against Union Pacific as follows:**

1. That the practices of Union Pacific complained of herein be determined and adjudged to constitute violations of the ADA and/or GINA;

2. An injunction against Union Pacific and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in excess of $75,000.00;

4. Pre-judgment interest, as provided by law;

5. For Witchet's costs, disbursements and attorneys' fees pursuant to law;

6. For all relief available under the ADA and/or GINA;

7. For such other and further relief available by statute; and

8. For such other and further relief as the Court deems just and equitable.

**Dated this 27th day of April, 2018.**

**ATWOOD, HOLSTEIN, BROWN, DEAVER & SPIER, P.C., LLO**

/s/ Corey L. Stull
Corey L. Stull, #21336
    cstull@atwoodlawyers.com
575 Fallbrook Boulevard, Ste. 206
Lincoln, NE 68508
Telephone: (402) 476-4400
Fax: (402) 476-4410

**NICHOLS KASTER, PLLP**

s/ David E. Schlesinger
David E. Schlesinger (MN # 0387009)
    schlesinger@nka.com
*Charles A. Delbridge (MN # 0386639)
    cdelbridge@nka.com
80 South Eighth Street
4600 IDS Center
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

**ATTORNEYS FOR PLAINTIFF**

* *pro hac vice application forthcoming*