# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Marcus Witchet,<br><br>    Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Company,<br><br>    Defendant. | CASE NO. 8:18-cv-00187<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, Union Pacific Railroad Company ("Union Pacific" or "Defendant"), files this Answer to Plaintiff's Complaint. Union Pacific numbers its responses to correspond with the numbered paragraphs Plaintiff's Complaint. Unless expressly admitted herein, Union Pacific denies any and all allegations in the Complaint. Union Pacific answers the Complaint allegations as follows:

## **Preliminary Statement**

1. Defendant denies the allegations in Paragraph 1.

2. Defendant admits it is a named defendant in the referenced lawsuit and that Plaintiff claims to be a putative class member, but denies it is liable for any allegations asserted in that matter.

## **Jurisdiction and Venue**

3. Defendant admits jurisdiction in this Court is proper, but denies the remaining allegations in Paragraph 3.

4. Defendant admits venue in this Court is proper.

## Parties

5. Defendant admits the allegations in Paragraph 5 on information and belief.

6. Defendant admits the allegations in Paragraph 6.

## Factual Allegations

7. Defendant admits that Plaintiff began working for Union Pacific on or around September 2011 as a truck operator. Defendant denies the remaining allegations contained in Paragraph 7.

8. Defendant is without sufficient information to admit or deny the allegations in Paragraph 8, and therefore denies the same.

9. Defendant is without sufficient information to admit or deny the allegations in Paragraph 9, and therefore denies the same.

10. Defendant is without sufficient information to admit or deny the allegations in Paragraph 10, and therefore denies the same.

11. Defendant admits that Plaintiff contacted Union Pacific, but denies the remaining allegations in Paragraph 11.

12. Defendant admits that Plaintiff underwent a fitness for duty review, but denies that he was removed from job.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. The allegations contained in Paragraph 18 constitute legal conclusions

and, therefore, Defendant denies the same.

## CAUSES OF ACTION

### COUNT I: ADA Disability Discrimination

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. The allegations contained in Paragraph 21 constitute legal conclusions and, therefore, Defendant denies the same.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

### COUNT II: ADA Failure to Accommodate

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. The allegations contained in Paragraph 27 constitute legal conclusions and, therefore, Defendant denies the same.

28. The allegations contained in Paragraph 28 constitute legal conclusions and, therefore, Defendant denies the same.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

### COUNT III: ADA Unlawful Screening

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. The allegations contained in Paragraph 34 constitute legal conclusions

and, therefore, Defendant denies the same.

35. The allegations contained in Paragraph 35 constitute legal conclusions and, therefore, Defendant denies the same.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

### COUNT IV: Impermissible Medical Examination

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. The allegations contained in Paragraph 41 constitute legal conclusions and, therefore, Defendant denies the same.

42. The allegations contained in Paragraph 42 constitute legal conclusions and, therefore, Defendant denies the same.

43. The allegations contained in Paragraph 43 constitute legal conclusions and, therefore, Defendant denies the same.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

### **Plaintiff's Prayer for Relief**

Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraphs 1 through 8 of his Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any elements that already legally belong to Plaintiff, Defendant asserts the following Affirmative Defenses:

1. Plaintiff's Complaint, and the claims stated therein, fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

3. Plaintiff's averred damages must be reduced, in whole or in part, to the extent that Defendant discovers after-acquired evidence for which Plaintiff would have been terminated or not hired.

4. Some or all of the damages asserted in the Complaint are barred to the extent that Plaintiff has failed to mitigate his damages.

5. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, ratification, laches, preemption, forfeiture and/or unclean hands.

6. Plaintiff's claims are barred, in whole or in part, because Defendant had policies in place prohibiting discrimination, harassment, and other alleged wrongful conduct during Plaintiff's tenure, Defendant distributed and/or made these policies available to Plaintiff, and Plaintiff unreasonably failed to avail herself of the protections of these policies or to otherwise avoid harm.

7. Defendant has made good faith efforts to prevent discrimination in its workplace and cannot be liable for decisions of its agents, if any, or for punitive damages, to the extent the challenged employment decision was contrary to its good faith efforts to comply with anti-discrimination statutes.

5

8. Any accommodation requested or that might have been necessary for Plaintiff because of an alleged disability was unreasonable and/or would have imposed an undue hardship on Defendant.

9. Plaintiff is not entitled to recover any compensatory or punitive damages because neither Defendant, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendant did not authorize or ratify any such act.

10. If Plaintiff establishes by a preponderance of the evidence that Defendant's actions toward Plaintiff were based on an unlawful motive, Defendant would have taken the same action despite any such unlawful motive.

11. Defendant was not required to provide Plaintiff a reasonable accommodation because Plaintiff posed a direct threat to health and safety of himself and/or others that could not be eliminated by reasonable accommodation.

12. To the extent the Defendant made a disability-related inquiry or required a medical examination of the Plaintiff during his employment, such inquiry or examination was job-related and consistent with business necessity.

13. To the extent the Defendant applied qualification standards to the position in question and such standards screen out, or tend to screen out, individuals on the basis of disability, such standards are job related for the position in question and consistent with business necessity.

14. To the extent the Defendant applied safety-based qualification standards to the position in question and such standards screen out, or tend to screen out, individuals on the basis of disability, such standards were necessary to eliminate a

significant risk to the health or safety of the Plaintiff and/or others and the risk could not have been eliminated or reduced by a reasonable accommodation.

15. Defendant reserves the right to assert additional affirmative defenses, as appropriate.

Dated this 22nd day of June, 2018

        UNION PACIFIC RAILROAD
        COMPANY, Defendant,

By: /s/ David P. Kennison
    Scott Parrish Moore (NE# 20752)
    David P. Kennison (NE#25510)
of  BAIRD HOLM LLP
    1700 Farnam Street
    Suite 1500
    Omaha, NE 68102-2068
    Phone: 402-344-0500

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

David E. Schlesinger
Charles A. Delbridge
Corey L. Stull

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

None.

        /s/David P. Kennison

DOCS/2074428.2